UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIVA STEIN, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | **COMPLAINT** |
| INTEL CORPORATION, PATRICK P. GELSINGER, ROBERT H. SWAN, JAMES J. GOETZ, ALYSSA HENRY, OMAR ISHRAK, RISA LAVIZZO-MOUREY; TSU-JAE KING LIU, GREGORY D. SMITH; DION J. WEISLER, ANDREW WILSON, and FRANK D. YEARY, | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff, Shiva Stein, alleges, upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys, except as to those allegations that pertain to the plaintiff herself, which are alleged upon knowledge, as follows:

## JURISDICTION

1. The jurisdiction of this court is founded upon federal question jurisdiction pursuant to § 27 of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. § 78aa, and 28 U.S.C. § 1331.

2. The claims herein arise under § 14(a) of the Exchange Act, 15 U.S.C. §78n(a) and Rule 14a-3, 17 C.F.R. § 240.14a-3, Rule 14a-9, 17 C.F.R. § 240.14a-9, Schedule 14A, 17 C.F.R. § 240.14a-101, and Regulation S-K, 17 C.F.R. § 229, of the United States Securities and Exchange Commission (the "SEC").

## THE PARTIES

3. Plaintiff Shiva Stein is a stockholder of Defendant Intel Corporation (Intel or the Company), and she has been such since June 12, 2014, and continuously to date. She is a resident of Franklin Lakes, Bergen County, New Jersey.

4. Intel is a Delaware corporation with its principal place of business in Santa Clara, California. It is authorized to do business in the State of New York and is found in New York County, as it states in its filing with the New York Secretary of State. Its stock is traded on the Nasdaq Global Select Market under the symbol INTC. It is in the computer technology business. Its last fiscal year ended December 31, 2020.

5. Defendant Patrick P. Gelsinger is the CEO of Intel and is a member of its board of directors and the board's executive committee. The board appointed him to that position on January 13, 2021, effective as of February 15, 2021. Also on January 13, 2021, Intel entered into an Offer Letter with Defendant Gelsinger setting forth the terms of his employment and compensation.

6. Defendant Robert H. Swan was Intel's CEO and a member of its board of directors from January 30, 2019 until January 13, 2021, when Intel announced that it had determined that he would depart from Intel effective as of February 15, 2021. Intel terminated his employment without cause. He submitted his resignation from the board of directors on January 13, 2021, effective as of February 15, 2021.

7. Defendants James J. Goetz, Alyssa Henry, Omar Ishrak, Risa Lavizzo-Mourey, Tsu-Jae King Liu, Gregory D. Smith, Dion J. Weisler, Andrew Wilson, and Frank D. Yeary are members of the Intel board of directors.

## WRONGFUL ACTS AND OMISSIONS

8. On or about March 30, 2021, Intel notified its stockholders of their annual meeting on May 13, 2021, and furnished the proxy statement to its stockholders for that meeting (the "2021 Proxy Statement").

9. In the 2021 Proxy Statement the board of directors solicited the stockholders' proxies to vote in favor of the election of the nine directors named therein, including Defendant Gelsinger, and in favor of his compensation on an advisory basis.

10. Section 14(a) of the Exchange Act makes in unlawful for any person to solicit or to permit the use of his name to solicit any proxy in contravention of the SEC's rules and regulations.

11. SEC Rule 14a-9 forbids the solicitation of a proxy by means of a proxy statement containing false or misleading misrepresentations or omissions.

12. SEC Rule 14a-3(a) requires that public companies may not solicit stockholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A." It is a violation of § 14(a) of the Exchange Act to omit information specifically required by the SEC's rules and regulations.

13. The 2021 Proxy Statement represents some, but not all, of the material facts concerning the compensation that Intel awarded to Defendant Gelsinger. It represents that his annual base salary is $1,250,000 with a target annual cash bonus of $3,347,500 and a cash hiring bonus of $1,750,000.

14. The 2021 Proxy Statement represents that Intel also awarded Defendant Gelsinger equity-based compensation with a "target value of approximately $110 million." The use of the language "target value" renders this disclosure imprecise, confusing and misleading, for it is not language used in the Financial Accounting Standards Board Accounting Standards Codification (FASB ASC) Topic 718 (concerning stock-based compensation). Where the 2021 Proxy Statement reports the stock-based compensation of directors and officers in the tables required by the SEC, it uses the language "grant date fair value," as the SEC specifically requires. Reg. S-K, 17 C.F.R. § 229.402.

15.     The 2021 Proxy Statement represents that Defendant Gelsinger's $110 million in stock-based compensation consists of: (a) Relative TSR PSUs with a "target award value" of $20 million, (b) Stock Growth Equity Award Performance Stock Units with a "target award value" of $20 million, (c) Strategic Growth Equity Award Performance Stock Options with a "target award value" of $20 million, (d) Outperformance PSUs with a "target award value" of $20 million, (e) RSUs with a "target award value" of $20 million, and (f) Matching RSUs with a "target award value" of $10 million.  Representing these values in language that neither the SEC nor FASB uses is imprecise, confusing and misleading.

16.     The 2021 Proxy Statement omits to disclose the grant date fair values of the stock-based compensation awards to Defendant Gelsinger.  This is a material omission because the "target values" that are reported have no discernible relationship to the language that is used elsewhere in the 2021 Proxy Statement to report the stock-based compensation for other directors and officers.  There the 2021 Proxy Statement provides the "grant date fair value" of stock-based compensation.  This is language with a defined well-understood meaning used by the SEC and FASB.  If a stockholder were to seek guidance from the SEC Form 4s that Defendant Gelsinger filed with the SEC on February 17, 2021, and March 24, 2021, she would gain no information.  Those Form 4s in Table II, in which the SEC requires disclosure of the Derivative Securities acquired, etc., and Column 2

thereof, in which the SEC requires disclosure of the Conversion or Exercise Price of Derivative Security, omit to disclose that information that the SEC specifically requires, except for the Stock Option.

17.     Pursuant to FASB ASC Topic 718, the grant date fair value of stock-based compensation is a cost to Intel.  As a general rule, if that cost is for stock-based compensation for which the payout is dependent on an increase in the price of the underlying stock, the failure of the underlying stock to achieve that price results in no payout to the employee, but it does not result in a reversal of that compensation cost.  That fact is omitted from the 2021 Proxy Statement.  Defendant Gelsinger's compensation that is subject to this rule are his Relative TSR PSUs, his Stock Growth Equity Award Performance Stock Units, his Strategic Growth Equity Award Performance Stock Options, and his Outperformance PSUs, with an aggregate target value of $80 million.

18.     The 2021 Proxy Statement, however, does represent that approximately 75% of the $110 million of Defendant Gelsinger's stock-based compensation "requir[es] significant stock price appreciation in order for the awards to be earned."  The 2021 Proxy Statement emphasizes these points by representing that of the approximately $60 million of Defendant Gelsinger's "make-whole portion," (that he forfeited by leaving his last job) $20 million vests only if Intel's stock price triples.  Of the $20 million of Outperformance PSUs, it

represents that 0% vests if the stock increases less than 200%. As to his $20 million in equity award PSUs, and $20 million in stock options, the 2021 Proxy Statement represents, "[S]imilar awards granted in 2019 have realized no value two years into [the] five-year performance period [and] 0% vests if [the] stock price increases < 30%." The 2021 Proxy Statement repeatedly emphasizes these points.

19. The omissions of disclosures of non-reversibility of the compensation costs of Defendant Gelsinger's stock-based compensation is material. First, the SEC states that the accounting consequences of executive compensation are material. 17 C.F.R. § 229.402(b)(2)(xii). Second, omission of these accounting consequences would lead the stockholders to believe that if the compensation is not earned, there is no cost to Intel. Third, Schedule 14A (Item 7), incorporating Reg. S-K, requires such material information.

20. The 2021 Proxy Statement represents that equity awards previously granted to Defendant Swan of the value of $29,264,068 that vested in connection to his termination without cause, "are subject to further performance requirements and may not be earned at all." The 2021 Proxy Statement omits to disclose those "performance requirements" and whether the failure to meet them will result in the reversal of compensation costs. These are material omissions.

21.     The 2021 Proxy Statement represents that as of Defendant Swan's termination date he forfeited awards with a "target value" of $54,767,260.  Use of the phrase "target value" makes this disclosure imprecise, confusing and misleading.  The 2021 Proxy Statement omits to disclose the material facts concerning the accounting consequences of this forfeiture and whether the cost of them to Intel is reversible.

22.     It was the Intel board of directors that authorized Defendant Gelsinger's aforesaid stock-based compensation and Defendant Swan's termination forfeitures and awards.  The Intel board should have considered the reversibility of the compensation costs of authorizations and reported it in the 2021 Proxy Statement.  If there were a way to make the awards to allow reversibility, the board should have amended those authorizations.  It would have been unconscionable for the Intel board to have authorized this compensation for Defendants Gelsinger and Swan without considering those accounting consequences.  If there were or will be such adverse consequences, the Intel board should respond with financial relief.

23.     The 2021 Proxy Statement represents that the say-on-pay proposal in Intel's 2020 proxy statement received only 49.7% support of its stockholders.  It further represents that Intel personnel met with its stockholders to discuss the matter.  Intel's representatives included persons from Human Resources, Corporate

8

Responsibility, Investor Relations, the Corporate Secretary, the board chairman, and the compensation committee chairman.  The 2021 Proxy Statement represents the nature of those discussions.  But conspicuously omitted are any discussions concerning the accounting consequences of Intel's executive compensation.

## JURY DEMAND

24. Plaintiff demands trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

A. Disclosure of the grant date fair value of Defendant Gelsinger's stock-based compensation in conformity of FASB ASC Topic 718;

B. Disclosure of the grant date fair value of Defendant Swan's awards and forfeitures based on his termination;

C. Disclosure of the accounting consequences if Defendants Gelsinger and Swan do not earn payouts on their stock-based compensation described in the 2021 Proxy Statement;

D. Rescission of the stock-based compensation to Defendants Gelsinger and Swan;

E. Disclosure of the accounting consequences of Swan's forfeitures of his compensation;

F. Financial responses from the Intel board of directors.

G. An award of plaintiff's attorneys fees to her counsel and expenses for accountants and other experts;

H. Such other and further relief, whether similar or different, as is just or equitable.

Dated:  April 26, 2021

**BARRACK, RODOS & BACINE**

By: */s/ A. Arnold Gershon*
A. Arnold Gershon
Michael A. Toomey
640 8th Avenue, 10th Floor
New York, NY 10036
Telephone: (212) 688-0782
Fax: (212) 688-0783
agershon@barrack.com
mtoomey@barrack.com

*Attorneys for Plaintiff*